1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENLIGHTENED TODAY, LLC,<br><br>                    Plaintiff,<br><br>   vs.<br><br>SOULMATEMEDIUM LLC AND DOES 1<br>through 10,<br><br>                Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Enlightened Today, LLC (hereinafter "Plaintiff"), by and through its undersigned attorneys, avers and states as follows for its Complaint:

### NATURE OF THE ACTION

This is an action for trademark and copyright infringement, false designation of origin, and unfair competition.

### THE PARTIES

1.      Plaintiff is an entity organized and existing under the laws of Florida, with a principal place of business located at 7901 4th St. N., Suite 3000 St. Petersburg, FL 33702.

COMPLAINT -1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

2.      Defendant Soulmatemedium LLC is a limited liability company organized and existing under the laws of the State of Washington. Upon information and belief, Defendant's principal place of business is 11723 NE 117TH Ct. APT 514, Kirkland, WA 98034.

3.      Defendant is a business entity that is engaged in the use of original works and sale of services that infringe upon Plaintiff's rights. Upon information and belief, Defendant does business as The Relationship Psychics and operates its business through, among other means, the website: https://therelationshippsychics.com.

4.      Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, inclusive. Plaintiff therefore sues them by use of fictitious names. Plaintiff will amend this Complaint appropriately once the true names and capacities of Doe Defendants 1 through 10 are learned. As used below, the term "Defendants" shall collectively refer to the named Defendants together with the defendants identified as DOES 1 through 10.

**JURISDICTION AND VENUE**

5.      This action arises under the copyright laws of the United States, the Lanham Act, 15 U.S.C. § 1051 et seq. and the Copyright Act, 17 U.S.C. § 501 et seq. It also arises under state statutory and common law.

6.      Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a). Jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7.      Venue is proper within this judicial district under 28 U.S.C. §§ 1391(b)-(c), 1400(a). Defendants or their agent(s) may be found in this district because personal

COMPLAINT -2

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

jurisdiction is proper in this district. Additionally, this is a judicial district in which a substantial part of the events or omissions giving rise to the infringement claims occurred.

8.      Defendants are subject to personal jurisdiction in this district as they have a place of business in this district and/or purposefully directs or directed their activities toward and conduct regular and substantial business with consumers throughout the United States, including within the State of Washington and this district, through at least the Internet-based e-commerce stores accessible in Washington. On information and belief, Defendants have purposefully directed a substantial portion of their illegal activities towards consumers in Washington through the advertisement, offer to sell, sale, and/or shipment of infringing goods into Washington. Plaintiff's infringement claims arise out of those activities.

## BACKGROUND FACTS

9.      Plaintiff is a Florida-based advertising and e-commerce business which owns various brands aiming to capture consumer interest through the development of creative works, drive engagement with its e-commerce offerings, and grow sales.

10.     One of Plaintiff's brands is Spiritual Society® for which it owns a federally-registered trademark with registration no. 7,070,429. Plaintiff operates the Spiritual Society® brand through, among other means, the website: https://spiritualsociety.co/.

11.     Among its services, Spiritual Society® offers tarot card readings, relationship coaching, and astrology consultancy.

12.     Plaintiff has developed creative materials to promote its services and spark consumer interest. Its online landing pages include, for example, original imagery, photos, videos and text copy. In a series of videos, a Spiritual Society® spokesperson named "Mia" recites content from various scripts which are original works of authorship developed by

COMPLAINT -3

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

Plaintiff and specifically phrased to entice the interests of potential customers seeking tarot card readings, relationship coaching, and astrology consultancy. Plaintiff has applied for and obtained copyright registration for three of these scripts, bearing Copyright Registration No. TXu 2-373-534, a copy of which is attached hereto as Exhibit A.

13.     Defendant directly competes with Plaintiff through the provision of services on its website and through its mobile application, The Relationship Psychics. Like Plaintiff, The Relationship Psychics offer astrology consultations as well as tarot card readings. Among other ways, Defendant promotes is services to potential consumers throughout the internet including on social media sites like Facebook.

14.     Recently, Plaintiff discovered that Defendant was disseminating video advertisements on Facebook, where a Relationship Psychics spokesperson named "Megan" recites Plaintiff's copyrighted scripts, nearly verbatim. Some eagle-eyed Facebook users have even recognized Defendants' copying of Plaintiff's work, by asserting that "[Megan's] script is the same as Mia" and "Why [are] your words the same as Mia from Spiritual Society …?"

///

COMPLAINT -4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

1

2

3

4

5

6

7

8

9

10

11

12





13

14

15

16

17

18

19    15.    Plaintiff has and continues to suffer ongoing daily and sustained violations of its

20    intellectual property rights at the hands of Defendants herein.

21

22    16.    In particular, Defendants have copied Plaintiff's copyrighted works without

23    Plaintiff's authorization and repurposed them for their own uses to unlawfully compete with

24    Plaintiff and convince potential consumers to engage with Defendant and purchase

25    Defendants' services rather than Plaintiff's.

26

COMPLAINT -5

17.     Plaintiff is harmed, the consuming public is duped and confused, and the Defendants earn substantial profits in connection with the infringing conduct.

18.     Defendants are the individuals and/or entities that promoted, offered for sale, sold, and distributed services infringing Plaintiff's intellectual property rights.

19.     Upon information and belief, Defendants had full knowledge of Plaintiff's intellectual property rights, including Plaintiff's rights in its original scripts.

20.     Defendants' use of the copyrighted script applied in the exact same manner and on the same type of services as Plaintiff, has caused or is likely to cause confusion, and/or to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services. Defendants' conduct as alleged above, through commercial advertising and promotion, including in the Western District of Washington, has misrepresented the origin of Plaintiff's goods.

## Count 1 – Federal Trademark Infringement and Unfair Competition

### (Against All Defendants)

21.     Plaintiff re-alleges and incorporates by reference the full text of Paragraphs 1 through 20 as though fully set forth herein.

22.     Plaintiff's relationship coach "Mia" is distinctive indicator of source for Plaintiff's services. As a source indicator, "Mia" provides significant value to Plaintiff and contributes to Plaintiff's goodwill with consumers. This is due in part to the fact that "Mia" adeptly delivers the content in a way which is likely to capture in the attention of potential consumers interested in tarot card readings, relationship advice, and astrology consulting.

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

23.     Defendants were aware of Plaintiff's rights in and to "Mia" and were further aware that Plaintiff did not authorize Defendants to use Plaintiff's content to create its copycat relationship coach, "Megan." Nevertheless, in complete disregard of Plaintiff's superior rights and in willful infringement of those rights, Defendants intentionally began advertising competing services through "Megan's" recitation of Plaintiff's unique and distinctive works.

24.     Defendants' improper and infringing use of "Megan" is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of Defendants' goods. Defendants' use of "Megan" via its offer of tarot card readings, relationship advice, and astrology consulting likely creates the misconception that Plaintiff somehow ratifies or authorizes Defendants' infringing uses and/or that Defendants are affiliated in some way with Plaintiff, when this is not the case.

25.     Defendants' unauthorized creation and use of "Megan" constitutes infringement of an unregistered trademark and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(a).

26.     Defendants' infringing uses have caused Plaintiff damages for which Plaintiff seeks to recover from Defendants in an amount according to proof at trial.

27.     Moreover, because Defendants' unauthorized creation and use of "Megan" prevents Plaintiff from exclusive control over its intellectual property rights and because Defendants' use is likely to cause confusion, mistake, and/or deception among consumers, Plaintiff lacks an adequate remedy at law. Defendants' actions will continue unless enjoined by this Court. Accordingly, Plaintiff is entitled to an injunction enjoining Defendants from further infringing uses.

///

COMPLAINT -7

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

**Count 2 – Common Law Trademark Infringement and Unfair Competition**

**(Against All Defendants)**

28.     Plaintiff re-alleges and incorporates by reference the full text of Paragraphs 1 through 27 as though fully set forth herein.

29.     Due to Plaintiff's longstanding use and widespread efforts throughout the United States to draw potential consumers' interest to Spiritual Society®, "Mia" has become well known and accepted by the public and serve to distinguish Plaintiff's services from those of others.

30.     "Mia" and the unique content she delivers to consumers, is an inherently distinctive. Plaintiff has been consistently using "Mia" throughout the United States as a source identifier for its goods and has acquired common law trademark rights throughout Washington and the rest of the United States.

31.     Defendants creation and use of "Megan" using Plaintiff's unique and distinctive content, is likely to cause confusion with "Mia" and deceive consumers to as to the true source of the services.

32.     Plaintiff and Defendants are business competitors as they both sell tarot card readings, relationship coaching, and astrology consultancy online to consumers nationwide.

33.     On information and belief, the relevant public is likely to identify Defendants' advertising videos by "Megan" as those from Plaintiff, or to believe or be confused or deceived as to whether Plaintiff has some connection or association with Defendants' services, because "Megan's" videos sound identical to "Mia's" videos.

///

COMPLAINT -8

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

34.     On information and belief, Defendants have committed the foregoing acts with notice of Plaintiff's rights and such actions were willful and intended to cause confusion, to cause mistake, or to deceive.

35.     Defendants' conduct as alleged above is unfair and unlawful under the common law of Washington.

36.     As a result of Defendants' conduct described above, Plaintiff has lost profits and suffered additional harm to its reputation and goodwill.

37.     On information and belief, as a result of Defendants' conduct described above, Defendants have unfairly acquired or retained revenues, in an amount to be proven at trial. Plaintiff is entitled to an order that Defendants disgorge all such unfairly acquired money.

38.     Defendants' conduct has caused, and will continue to cause, irreparable harm to Plaintiff, harm for which Plaintiff has no adequate remedy at law. For those reasons, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent further acts of unfair competition.

39.     Defendants' conduct was malicious, oppressive and fraudulent and undertaken with the express purpose and design of willfully depriving Plaintiff of its rights. Plaintiff is entitled to punitive damages in an amount sufficient to punish and make an example of Defendants, according to proof at trial.

### Count 3 – False Designation of Origin

### (Against All Defendants)

40.     Plaintiff re-alleges and incorporates by reference the full text of Paragraphs 1 through 39 as though fully set forth herein.

COMPLAINT -9

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104

41.     Defendants' use of the advertisements featuring "Megan" reciting Plaintiff's unique and distinctive content delivered by "Mia," without Plaintiff's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. Defendants' conduct has infringed Plaintiff's rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(a).

42.     By reason of the foregoing, Plaintiff has been injured in an amount not yet fully determined. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of Plaintiff's goodwill.

43.     As a result of Defendants' acts of infringement, Plaintiff suffered and will continue to suffer irreparable harm for which Plaintiff has no adequate remedy at law, including damage to Plaintiff's goodwill. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

44.     Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

### Count 4 – Copyright Infringement

### (Against All Defendants)

45.     Plaintiff re-alleges and incorporates by reference the full text of Paragraphs 1 through 44 as though fully set forth herein.

46.     17 U.S.C. § 501 prohibits, inter alia, anyone from copying original expression from a copyrighted work during the term of the copyright without the owner's permission.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

47.     Plaintiff is, and at all relevant times has been, the copyright owner with respect to the original scripts recited by Plaintiff's spokesperson "Mia." These scripts are the subject of a Certificate of Copyright Registration issued by the Register of Copyrights: Registration No. TXu 2-373-534. The various works are entitled "Enlightened Today intro Jan 2023," "Enlightened Today Main March 2022," and "Enlightened Today Upsell November 2022."

48.     Plaintiff uses the scripts in connection with videos of its spokesperson "Mia" and Plaintiff's sale of services.

49.     Plaintiff did not authorize permit, or allow in any manner the use of the copyrighted scripts by Defendants.

50.     Defendants infringed the Copyright by producing and distributing videos featuring their spokesperson "Megan" substantially reciting the scripts, and in some instances nearly verbatim, and by using these videos to advertise and sell services directly competitive with Plaintiff.

51.     On information and belief, Defendants' infringement has been undertaken knowingly and with intent to financially gain from Plaintiff's copyrighted works, or, Defendants acted with reckless disregard for, or willful blindness to, Plaintiff's rights.

52.     Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff. Plaintiff's damages include, but are not limited to, the loss of sales due to Defendants' diversion of sales of products through its use of the copyrighted scripts in its marketing, promotion, and advertising of their services.

53.     On information and belief, as a result of Defendants' conduct alleged above, Defendants have been unjust enriched and have wrongfully profited.

COMPLAINT -11

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

54.     Plaintiff is entitled to statutory remedies, actual damages, and any profits of Defendants that are attributable to the infringements and not taken into account in computing actual damages, in amounts to be proven at trial, and all other relief allowed under the Copyright Act.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

1.     That the Court preliminarily and then permanently enjoin Defendants, and all of their officers, directors, agents, servants, employees and attorneys, and all other persons acting directly or indirectly in concert with Defendants, from using in commerce, in connection with the advertising, marketing, distribution, sale or offering for sale of any competing services using "Megan" or any other spokesperson which is likely to cause consumer confusion or deception as to the source of Defendants' goods;

2.     That the Court preliminarily and then permanently enjoin Defendants, and all of their officers, directors, agents, servants, employees and attorneys, and all other persons acting directly or indirectly in concert with Defendants, from using in commerce, in connection with the advertising, marketing, distribution, sale or offering for sale of any products, the copyrighted scripts or a substantially similar copy thereof;

3.     That Plaintiff be awarded its damages and profits acquired by Defendants through Defendants' unlawful acts in an amount which is not yet fully ascertained;

4.     That the Court increase and enhance by three times any award of damages and/or profits based on Defendants' willfulness for Defendants' acts of infringement and/or unfair competition under the Lanham Act;

COMPLAINT -12

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

1        5.     That the Court award the maximum statutory damages permitted for each work

2   infringed pursuant to 17 U.S.C. §504.

3        6.     For costs of suit and fees incurred herein; and

4        7.     For such other and further relief as the Court deems just and proper.

5   ///

COMPLAINT -13

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104

1

2

<u>**DEMAND FOR JURY TRIAL**</u>

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

respectfully requests a jury trial on all issues so triable.

Dated: June 30, 2023                    Respectfully Submitted:

<u>*s/ A. Louis Dorny*</u>
WSBA 55891
**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Tel: (213) 576-5024
Email: ldorny@grsm.com

Sean D. Flaherty (*pro hac vice forthcoming*)
**GORDON REES SCULLY MANSUKHANI, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101
Tel: (619) 230-7473
Email: sflaherty@grsm.com

COMPLAINT -14

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104