UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ENLIGHTENED TODAY LLC,

            Plaintiff,

  v.

SOULMATEMEDIUM LLC,

            Defendant.

Case No. C23-0985-SKV

ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND

INTRODUCTION

    This matter comes before the Court on Defendant Soulmate Medium LLC's (Soulmate) Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 7. Plaintiff Enlightened Today LLC (Enlightened) opposes the motion, Dkt. 15, and moves to strike evidence submitted with the motion and reply, *see* Dkt. 15 at 16 & Dkt. 20. The Court, having reviewed the briefing, relevant record, and applicable law, herein GRANTS the motions to strike and the motion to dismiss, and further GRANTS Enlightened leave to amend.[1]

/ / /

/ / /

---

[1] Soulmate's request for oral argument on its motion is DENIED. The parties thoroughly briefed the issues and oral argument would not have been of assistance to the Court. *See generally* LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.")

ORDER GRANTING MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND - 1

BACKGROUND

Enlightened is an advertising and e-commerce business. Dkt. 1, ¶9.[2] One of its brands, Spiritual Society, offers tarot card readings, relationship coaching, and astrology consultancy. *Id.*, ¶10. Enlightened owns a federally-registered trademark for Spiritual Society, and operates the brand through, among other means, the website https://spiritualsociety.co/. *Id.*, ¶¶10-11.

In a series of videos created to promote Enlightened's services, a Spiritual Society spokesperson named "Mia" recites content from scripts developed by Enlightened. *Id.*, ¶12. The scripts are specifically phrased to entice potential customers, and Mia adeptly delivers the content in a way likely to capture their attention. *Id.*, ¶¶12, 22. Mia and the content she delivers are inherently distinctive. *Id.*, ¶30. Enlightened has consistently used Mia throughout the United States and, in June 2023, applied for and obtained copyright registration for three scripts. *Id.*, ¶¶12, 30 & Ex. A. The works are entitled, "Enlightened Today Intro Jan 2023", "Enlightened Today Main March 2022", and "Enlightened Today Upsell November 2022". *Id.*, ¶47 & Ex. A.

Soulmate similarly provides astrology consultations and tarot card readings, including through its mobile application, The Relationship Psychics. *Id.*, ¶13. Recently, Enlightened discovered Soulmate was disseminating video advertisements on Facebook in which "Megan", a Relationship Psychics spokesperson, was substantially reciting Enlightened's scripts, "in some instances nearly verbatim." *Id.*, ¶¶14, 50. A screenshot of one such video, dated "June 2", depicts Megan and shows an individual named Sheena Chang commenting, "Your script is same as Mia[]" and "Why your words is same as Mia from spiritual society, so you all only have one script?" *Id.*

---

[2] In considering a motion to dismiss, the Court presumes as true all facts alleged in the complaint. *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013). The Court, as such, herein presents the facts as taken from Plaintiff's Complaint. Dkt. 1.

Enlightened brings four causes of action against Soulmate: (1) infringement of an unregistered trademark and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(a); (2) common law trademark infringement and unfair competition; (3) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(a); and (4) copyright infringement in violation of 17 U.S.C. § 501, et seq. Soulmate moves for dismissal, arguing the Complaint fails to set out, plausibly or otherwise, any claim for which relief can be granted.

DISCUSSION

A.  Motions to Strike

As a general matter, the Court may not consider material beyond the complaint in ruling on a motion under Rule 12(b)(6). *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Exceptions to this rule include material properly submitted as a part of the complaint, the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *Lee*, 250 F.3d at 688.

Under Rule 201, the Court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" because it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This allows for consideration of "'matters of public record'" but not "disputed facts contained in such public records." *Khoja*, 899 F.3d at 1002 (quoting *Lee*, 250 F.3d at 689-90). Specifically, the Court may not take judicial notice of facts favorable to the moving party that could be reasonably disputed. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee*, 250 F.3d at 689-90).

A document is incorporated by reference where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja*, 899 F.3d at 1002. However, to invoke the doctrine, it is not enough to rely on the mere mention of the existence of a document. *Id*. Nor does a document necessarily form the basis of a complaint where it merely creates a defense to well-pled allegations. *Id.* Allowing a defendant to utilize the doctrine "to insert their own version of events into the complaint to defeat otherwise cognizable claims[]" would convert a motion to dismiss into a motion for summary judgment, without providing a plaintiff the opportunity to respond to the new version of facts presented by a defendant. *Id*. at 1002-03.

In this case, Enlightened moves to strike declarations and exhibits submitted with Soulmate's motion and reply brief. *See* Dkt. 15 at 16 & Dkt. 20. Specifically, Enlightened moves to strike a declaration asserting facts relating to Megan, Dkt. 9, a declaration referencing and exhibits showing a Spiritual Society Facebook advertisement and "'checkout' page", Dkt. 17, Exs. A-B, and all references to and arguments corresponding with those materials, *see generally* Dkts. 7 & 16. Enlightened also moves to strike Soulmate's attempt to introduce extraneous facts relating to Megan through reference to the Spiritual Society Trademark Registration Certificate issued on May 30, 2023. *See* Dkt. 18, ¶4 & Ex. C.[3]

---

[3] Enlightened does not move to strike the trademark registration certificate itself, which was referenced in the Complaint, Dkt. 1, ¶10, and is a matter of public record properly subject to judicial notice. *See, e.g., EVO Brands, LLC v. Al Khalifa Grp. LLC*, No. C22-3909, 2023 WL 2768743, at *3

ORDER GRANTING MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND - 4

1    The challenged materials and purported facts were not submitted as a part of the

2  Complaint and Soulmate does not assert that an exception applies and allows for their

3  consideration under Rule 12(b)(6).  Soulmate simply provides and relies upon the materials.

4    Even if Soulmate had asserted an exception, the Court finds no basis for concluding the

5  materials were either incorporated by reference or are subject to judicial notice.  Instead, and as

6  argued by Enlightened, the Court finds the materials contain purported facts extraneous to the

7  Complaint, improperly offered as evidence in support of defenses to Enlightened's claims, and

8  without any foundation allowing for a conclusion that they are not subject to reasonable dispute.

9  The Court therefore GRANTS Enlightened's motions to strike and disregards the materials and

10 associated arguments in ruling on the motion to dismiss.

11 B.    Motion to Dismiss

12    Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon

13 which relief can be granted.  "To survive a Rule 12(b)(6) motion to dismiss, a complaint must

14 contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

15 face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

16 U.S. 544, 570 (2007)).  This "facial plausibility" standard requires the plaintiff to allege facts

17 that add up to "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  While

18 courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts

19 sufficient to "raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555,

20 570.

21    In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as

22 true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v.*

---

(C.D. Cal. Feb. 23, 2023); *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1351-52 (W.D. Wash. 2014).

1  *Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted).  The Court
2  is not, however, required to accept as true "'allegations that are merely conclusory, unwarranted
3  deductions of fact, or unreasonable inferences.'"  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049,
4  1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.
5  2001)).

6        Soulmate moves to dismiss all of Enlightened's claims.  The Court addresses the claims
7  in the order presented by the parties in their arguments.

8        1.    <u>Copyright Infringement</u>:

9        Enlightened alleges copyright infringement in violation of 17 U.S.C. § 501, et seq.  To
10  state a claim for copyright infringement, a plaintiff must plead facts supporting two elements:
11  "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are
12  original.'"  *Great Minds v. Off. Depot, Inc.*, 945 F.3d 1106, 1110 (9th Cir. 2019) (quoting *Feist
13  Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  A copyright registration serves
14  as prima facie evidence of a valid copyright, which may be challenged with evidence "attacking
15  the elements of a valid copyright, such as ownership, copyrightable subject matter, and
16  originality."  *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir.
17  2002).  Absent direct evidence, copying may be demonstrated by showing the defendant had
18  access to the plaintiff's work and that the works are substantially similar.  *L.A. Printex Indus.,
19  Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012); *Cavalier v. Random House, Inc.*, 297
20  F.3d 815, 822 (9th Cir. 2002).

21        Enlightened alleges it ownership of copyrights to three original scripts, subject to a
22  Certificate of Copyright Registration, Registration No. TXu 2-373-534, and entitled
23  "Enlightened Today Intro Jan 2023", "Enlightened Today Main March 2022", and "Enlightened

1  Today Upsell November 2022". Dkt. 1, ¶47 & Ex. A.  These allegations present sufficient facts

2  to state a claim as to Enlightened's ownership of a valid copyright.

3        Enlightened further alleges that the scripts are "original works of authorship . . .

4  specifically phrased to entice the interests of potential customers seeking tarot card readings,

5  relationship coaching, and astrology consultancy." *Id.*, ¶12.  Enlightened alleges it uses the

6  copyrighted scripts in videos featuring Mia, and recently discovered Soulmate was distributing

7  videos of Megan "substantially reciting the scripts, . . . in some instances verbatim[.]" *Id.*, ¶¶14,

8  48-50.  Enlightened provides a screenshot of a video showing Megan and comments that the

9  script and words used are the "same as Mia from spiritual society." *Id.*, ¶14.  Enlightened also

10  alleges it "has been consistently using 'Mia' throughout the United States", that Mia "has

11  become well known and accepted by the public", and that Soulmate was aware of Mia and

12  intentionally began advertising competing services through Megan's recitation of Enlightened's

13  unique and distinctive works.  *Id.*, ¶¶23, 29-30.

14        The Court, considering these allegations, finds insufficient facts alleged to state a claim

15  that Soulmate copied constituent elements of Enlightened's original works.

16        a.    <u>Substantially similar</u>:

17        As argued by Soulmate, there are no facts allowing for consideration of similarities, let

18  alone substantial similarities, between the copyrighted and alleged infringing works.  The works

19  are not provided, quoted, or even described beyond their general content.  The allegation of

20  similarity is therefore insufficient.  *See, e.g., Divine Dharma Meditation Int'l Inc. v. Inst. of*

21  *Latent Energy Studies*, No. C16-0226, 2016 WL 7486286, at *5 (C.D. Cal. May 25, 2016)

22  (finding plaintiffs failed to adequately allege substantial similarity with six copyrighted works

23  where they offered only "a broad and generic description of each work" but no "factual

allegations of any articulable similarities between the allegedly infringing work and their own copyrighted material").

Enlightened argues a side-by-side comparison of the copyrighted and infringing works is not required. It argues its allegations suffice to state a claim by pleading "ownership of unique scripts via the existence and inclusion of a copyright registration," and that Soulmate "has copied those scripts nearly verbatim." Dkt. 15 at 11. It cites to a decision in which a court found sufficient an allegation of "extensive verbatim copying, coupled with his assertion of ownership of original contributions to a preexisting work[.]" *Mitchell v. Dyer*, No. C10-3891, 2010 WL 11601036, at *2-3 (C.D. Cal. 2010). However, in that case, the complaint at least included some information about both the copyrighted and infringing works, including the titles of all of the books at issue, their authors, and the respective publishing houses. *See id*. at *1. In this case, Enlightened identifies only the titles of its own scripts and their general subject matter, asserts their use of "specific phrasing", and includes a screenshot depicting some type of infringing activity.

Courts, in any event, frequently require more than that found sufficient in *Mitchell* and more than that alleged here by Enlightened. For example, in *Evans v. McCoy-Harris*, No. C17-8345, 2019 WL 1002512, at *3 (C.D. Cal. Jan. 4, 2019), a court found an allegation that defendants' works contained "'portions'" of plaintiff's copyrighted screenplays no more than conclusory, and observed that the complaint was "entirely devoid of allegations establishing the protectable elements of the infringed works[,]" and that plaintiff made "no effort to compare the copyrightable elements" of the allegedly infringing and copyrighted works. Similarly, in *Boost Beauty, LLC. v. Woo Signatures, LLC*, No. C18-2960, 2018 WL 6219895, at *1, 4 (C.D. Cal. July 23, 2018), a court found insufficient an allegation as to copyrighted advertisements

1  "composed of 'specific words and language in a specific order,' at least one of which appeared
2  on Google[,]" but without "even written descriptions of the images or words" that formed the
3  work allegedly copied.

4      This Court recently addressed an allegation that infringing software was "identical or
5  substantially similar" to copyrighted works, but without any facts explaining how the work
6  constituted an unauthorized copy. *Bungie, Inc. v. Aimjunkies.com*, No. C21-0811-TSZ, 2022
7  WL 1239906, at *2 (W.D. Wash. Apr. 27, 2022). The Court found an absence of sufficient facts,
8  noting the complaint "must contain more than a 'formulaic recitation of the elements of a cause
9  of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Here, Enlightened's allegations as to
10 similarity are likewise no more than conclusory and do not suffice to state a claim.

11     b.    <u>Access</u>:

12     As related to access, Enlightened alleges Soulmate was aware of Mia, who was well
13 known to the public and used by Enlightened consistently. Enlightened provides a website
14 address and various dates, including "Jan 2023", "March 2022", and "November 2022" in the
15 titles of the copyrighted works, a screenshot of infringing activity dated "June 2", and the June
16 11, 2023 effective date for its copyright registration. *See* Dkt. 1, ¶¶10, 14, 47 & Ex. A.

17     To establish access, a plaintiff must show "a reasonable possibility, not merely a bare
18 possibility, that an alleged infringer had the chance to view the protected work." *Loomis v.*
19 *Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) (citation omitted). It can be shown through "a chain
20 of events" linking the work and access, or wide dissemination of the work. *Id*. It cannot be
21 inferred from "'mere speculation or conjecture.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d
22 477, 482 (9th Cir. 2000) (quoted source omitted), *overruled on other grounds by Skidmore as Tr.*
23 *for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).

In this case, Enlightened fails to plead facts supporting an allegation that Soulmate had the opportunity to view the copyrighted scripts. The allegations amount to speculation that Soulmate, as a competitor offering similar services, necessarily had the opportunity to view the scripts because Enlightened has a website where Mia appeared and used the scripts. Nor are the necessary facts supplied by the dates in the Complaint. At most, the dates suggest that Soulmate's use of the scripts occurred at some point after the month and year included in the registration titles and show that Soulmate posted a video on "June 2." Without more, the allegations as to access are no more than speculative. For this reason and for the reasons stated above, Enlightened fails to state a claim for copyright infringement and Soulmate is entitled to dismissal of that claim under Rule 12(b)(6).[4]

   2.   Trademark Infringement:

Enlightened alleges trademark infringement and unfair competition under both the Lanham Act and common law. To prevail with either claim, a plaintiff must show: (1) ownership of a valid mark (i.e., a protectable interest); and (2) that defendant's use of a competing mark is likely to cause consumer confusion. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1134 (9th

---

[4] Soulmate asserts the absence of any plausible explanation as to how it could have had access on June 2, 2023 to works that were "unpublished" as of the June 11, 2023 registration date. *See Lucky Break Wishbone Corp. v. Sears, Roebuck & Co.*, 528 F. Supp. 2d 1106, 1122 (W.D. Wash. 2007) (stating that, to prove copyright infringement, a plaintiff must demonstrate a defendant had access to the copyrighted work prior to creating the allegedly infringing work and that an earlier-created work cannot infringe a later-created work because there "can be no access") (citations omitted), *aff'd*, 373 F. App'x 752 (9th Cir. 2010). Enlightened argues Soulmate's mistaken understanding of "publication" under copyright law and asserts that the dates in the script titles make their accessibility to Soulmate clear, while Soulmate deems that argument an admission the works could not have been unpublished at the time of their registration. To the extent these arguments require resolution of disputed issues of fact or consideration of information outside of the Complaint, they are not properly considered in reaching a decision under Rule 12(b)(6). The Court further does not find consideration of these arguments necessary given the conclusion reached above.

Cir. 2006); *Bio Mgmt. Nw. Inc. v. Washington Bio Servs.*, No. C20-0670-MJP, 2021 WL 4319448, at *2 (W.D. Wash. Sept. 23, 2021).

To claim trademark infringement, a plaintiff must have a "'valid, protectable trademark.'" *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) (quoting *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999)). Registration provides prima facie evidence of a valid, protectable interest in a mark. *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). Without registration, a plaintiff must establish its common law right to exclusive use of a trademark, such as by showing the mark is inherently distinctive or has acquired a secondary meaning. *Id*. at 969-70. A mark is distinctive "when it identifies the particular source of the product or distinguishes it from other products"; it acquires a secondary meaning "when the purchasing public associates the mark or dress with a single producer or source rather than with the product itself." *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 823 (9th Cir. 1993) (citations omitted).

For ownership, the standard test is "priority of use." *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996). That is, "[t]o acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Id*. *See also Brookfield Commc'ns, Inc.*, 174 F.3d at 1047 (the "senior" user of the mark may enjoin its use by a "junior" user).

Finally, with likelihood of confusion, there must be a determination as to whether "'the similarity of the marks is likely to confuse customers about the source'" of goods or services. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000) (quoted sources omitted). Courts consider "whether a reasonably prudent consumer in the marketplace is likely

to be confused as to the origin or source of the goods or services bearing one of the marks or names at issue in the case." *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012).  This requires a showing of "more than simply a possibility of such confusion." *Id.*

In challenging the sufficiency of Enlightened's allegations, Soulmate raises arguments necessitating consideration of evidence outside of the Complaint and resolution of possible disputed issues of fact.  For example, pointing to evidence that Megan is the real name of its spokesperson and has served in that role since at least as early as February 11, 2022, Soulmate disputes Enlightened's alleged priority of use and asserts defenses to the claims of trademark infringement.  These arguments are not properly considered under Rule 12(b)(6).  *See, e.g., EVO Brands, LLC v. Al Khalifa Grp. LLC*, No. C22-3909, 2023 WL 2768743, at *6 (C.D. Cal. Feb. 23, 2023) (declining to take judicial notice of a YouTube screenshot offered as evidence of defendant's senor use of a mark: "[I]t is inappropriate to determine the factual issue of a defendant's prior use at the pleading stage. . . .  Further, priority date is a disputed fact, and is therefore an inappropriate subject for judicial notice."); *Warner Bros. Ent. Inc. v. Random Tuesday, Inc.*, No. C20-2416, 2020 WL 12762735, at *5 (C.D. Cal. Nov. 9, 2020) (where there was no supporting evidence properly before the court, court could not consider under Rule 12(b)(6) the argument that an alleged priority of use was not facially plausible based on an assertion that defendants' alleged infringing entity had been earlier formed).[5]  The Court otherwise considers below the sufficiency of the pleading in relation to the existence of a trademark, priority of use, and likelihood of consumer confusion.

---

[5] Nor does the Court finds it appropriate to address other arguments touching upon various defenses to a trademark infringement claim.  *See, e.g., Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 437-39 (9th Cir. 2017) (discussing the issue of notice of rights to a trademark in relation to a defense of good faith), *abrogated on other grounds by Romag Fasteners, Inc. v. Fossil*, *Inc.*, 590 U.S. ___, 140 S. Ct. 1492, 206 L.Ed.2d 672 (2020).

ORDER GRANTING MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND - 12

a.      Valid, protectable trademark:

Enlightened alleges its trademark rights in "Mia." Dkt. 1, ¶¶22-23. It alleges Mia is a distinctive indicator of source for its services and that, as a spokesperson, Mia adeptly delivers content in a way likely to capture the attention of consumers interested in tarot card readings, relationship advice, and astrology consulting. *Id*., ¶22. Enlightened asserts its inclusion of videos and other materials on its "online landing pages" and states that Mia, in a series of videos, recites content from original scripts created by Enlightened. *Id*., ¶12. It alleges that, due to longstanding use and widespread efforts throughout the United States, Mia has become well known and accepted by the public and serves to distinguish Enlightened's services from the services offered by others. *Id*., ¶29. It also alleges Mia and the unique content she delivers is inherently distinctive and that it has been consistently using Mia as a source identifier for its' goods. *Id*., ¶30.

Soulmate asserts uncertainty as to what Enlightened's purported trademark even is. Soulmate further argues that the Complaint offers no more than bare-boned, conclusory allegations that the purported "Mia" mark has achieved secondary meaning.

Enlightened denies any further information is required. It observes that a trademark "includes any word, name, symbol, or device, or any combination thereof [] used by a person . . . to identify and distinguish" goods or services from the goods or services of others, and to "indicate the source" of the goods or services, 15 U.S.C. § 1127, and that "trademark validity is considered 'an intensely factual issue[,]'" *Zobmondo Ent., LLC*, 602 F.3d at 1113 (quoted source omitted). *See also* 1 McCarthy on Trademarks and Unfair Competition § 7:105 (5th ed.) (stating "anything that can be detected by one of the human senses should be eligible for protection as a trademark if it is used to identify and distinguish a source of goods or services.") Enlightened

also asserts the sufficiency of the allegations as to distinctiveness and/or secondary meaning, pointing to cases in which this Court found trade dress claims sufficiently pled widespread advertising, marketing, and sales promotion. *See Kremerman v. Open Source Steel, LLC*, No. C17-953-BAT, 2017 WL 3970894, at *5 (W.D. Wash. Sept. 8, 2017) (plaintiff sufficiently alleged his trade dress had "acquired distinctiveness and enjoys secondary meaning among customers based on 'extensive and consistent advertising promotion and sales throughout the United States.'"); *Glassybaby, LLC v. Provide Gifts, Inc.*, No. C11-380-MJP, 2011 WL 2218583, at *2 (W.D. Wash. June 6, 2011) (finding sufficient the allegation that plaintiff's votive holders had gained distinctiveness through "'widespread coverage in print and television journalism, extensive marketing and promotion, and appearances on national broadcast television and radio programs.'") *See also Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 991 (9th Cir. 2006) ("Whether a claimed mark has obtained a secondary meaning is a question of fact to be determined by a jury.")

    The Court, however, finds Enlightened's pleading insufficient in failing to provide any description of the trademark beyond the name "Mia", her position as a spokesperson, and her recitation of "unique" content. It is not enough to simply assert that Mia is inherently distinctive and serves to distinguish Enlightened's services in some respect. *See, e.g.*, *Glassybaby, LLC*, 2011 WL 2218583, at *1-2 (finding complaint failed to "identify the mark or illustrate the so-called design", where it stated "that the hand-blown glass containers are distinctive," but did "not describe the design in any detail[,]" making it "not possible to determine what the features of the votive candleholders are").[6] Nor does Enlightened clearly allege its engagement in widespread

---

[6] As observed by the Ninth Circuit, the analysis for trade dress and an unregistered trademark under Section 43(a) of the Lanham Act is very similar. *Int'l Jensen, Inc.*, 4 F.3d at 823 (citations omitted).

ORDER GRANTING MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND - 14

advertising, marketing, and sales promotion using Mia.  Enlightened alleges it posted a series of videos of Mia on its website, that its use of Mia has been "longstanding" and "consistent[]", and that it has engaged in "widespread efforts" of some kind throughout the United States.  Dkt. 1, ¶¶12, 29-30.  The allegations do not suffice to plead the existence of a valid and protectable trademark.

      b.   <u>Priority of use</u>:

  Enlightened alleges that, in disregard of its "superior" rights, Soulmate "intentionally began" advertising competing services through its "copycat" spokesperson Megan.  Dkt. 1, ¶2.  Soulmate notes that Enlightened does not allege when it first used Mia in connection with its services, and asserts Enlightened's failure to specifically allege that Soulmate's use of Megan began only after Enlightened began using Mia.

  To state a claim of trademark infringement, a plaintiff must plead its priority of use.  *See Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109, 1118 (S.D. Cal. 2014) ("To establish common law trademark rights in the absence of federal registration, *a plaintiff must plead and prove* that it is the senior user of the mark[.]") (emphasis added).  In this case, Enlightened provides the bare minimum required to allege a priority of use by alleging Soulmate intentionally began to use its copycat spokesperson Megan in disregard of Enlightened's superior rights in Mia.  *See, e.g., Warner Bros. Ent. Inc.*, 2020 WL 12762735, at *5 ("The Complaint alleges that Defendants' alleged infringement began 'long subsequent' to Plaintiff's use of the marks. Defendants have not cited authority that requires greater particularity. Therefore, the Complaint sufficiently alleges priority of use.")  However, given that the pleading as to trademark infringement is deficient in other respects, Enlightened should take the opportunity in any amended pleading to provide additional facts, including its date of first use, as at least some

courts have required.  *See, e.g., EVO Brands, LLC*, 2023 WL 2768743, at *7 ("When a plaintiff claims priority by alleging that the plaintiff used the mark in commerce before a defendant, that plaintiff must allege the plaintiff's date of first use.  It is insufficient, for example, to merely allege that a plaintiff has used the mark 'for several years.'") (citing and quoting *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1040-41 (N.D. Cal. 2015)).

          c.      <u>Likelihood of confusion</u>:

Enlightened alleges Soulmate's use of Megan to deliver Enlightened's unique and distinctive content, "in the exact same manner and on the same type of services", is likely to cause consumer confusion, mistake, and/or deception.  Dkt. 1, ¶¶20, 24, 31.  It provides a screenshot of an online post in which an individual comments about the similarity of the scripts used by Mia and Megan.  *Id*., ¶14.

As a general matter, the likelihood of confusion inquiry requires a factual determination. *eAcceleration Corp. v. Trend Micro, Inc*., 408 F. Supp. 2d 1110, 1115 (W.D. Wash. 2006) (citation omitted).  In this case, the Court finds insufficient facts to support an allegation that the use of Megan is likely to cause consumer confusion with Mia.  That is, Enlightened does not adequately plead a likelihood of consumer confusion in failing to include either a sufficient description of the Mia trademark or the alleged similarities with Megan.  *See, e.g., Hibbler v. Sewell*, No. C14-1969-MJP, 2015 WL 1599660, at *2 (W.D. Wash. Apr. 9, 2015) (finding a failure to allege sufficient facts that defendants' use of a mark was likely to cause consumer confusion where plaintiff did "no more than allege, in a cursory fashion," that the use of the mark was "'likely to cause, and has caused, confusion mistake or deception'" and alleged no facts from which the Court could infer it was plausible the goods and/or services offered by defendants were similar to the goods and/or services plaintiff promoted or offered under her

mark).  For this reason, and for the reasons stated above, Enlightened fails to state a claim of trademark infringement and Soulmate is entitled to dismissal of the federal and common law trademark claims under Rule 12(b)(6).

    3. <u>False Designation of Origin</u>:

    Enlightened also asserts a claim for false designation of origin in violation of Section 43(a) of the Lanham Act.  The Lanham Act "prohibits false representations about the origin of source or manufacture of goods through the use of another's trade name or trademark, either registered or unregistered."  *SMC Promotions, Inc. v. SMC Promotions*, 355 F. Supp. 2d 1127, 1133 (C.D. Cal. 2005).  With unregistered trademarks, a false designation of origin claim is recognized as the equivalent of a claim for trademark infringement, *id.*, and also requires a plaintiff to show a protectable ownership interest in a mark and a likelihood of consumer confusion, *Rearden LLC*, 683 F.3d at 1202-03, 1221; *Bio Mgmt. Nw. Inc.*, 2021 WL 4319448, at *2.  *See also Bungie, Inc.*, 2022 WL 1239906, at *3 (citing *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985)).

    Enlightened alleges Soulmate's use of advertisements featuring Megan reciting the unique and distinctive content delivered by Mia causes a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. Dkt. 1, ¶41.  These allegations do not suffice to plead a plausible claim for false designation of origin for the same reasons described in relation to the trademark infringement claims.  This claim is therefore also subject to dismissal under Rule 12(b)(6).

C. <u>Leave to Amend</u>

    Enlightened requests leave to amend the Complaint in the event the Court is inclined to grant Soulmate's motion.  Where a complaint could be cured by the allegation of other facts, a

court should grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Here, because it appears possible Enlightened could cure the defects in pleading discussed above, leave to amend is properly granted.

## CONCLUSION

The Court, in sum and without consideration of the evidence and arguments stricken pursuant to Enlightened's motions, herein GRANTS Soulmate's Motion to Dismiss.  Dkt. 7.  The Court further GRANTS Enlightened leave to amend.  Enlightened must file any amended complaint within **thirty (30) days** of entry of this Order.

Dated this 26th day of September, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge